Filed 2/15/22  Marriage of Smith and Slosar CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of JAMES SMITH and JENNIFER SLOSAR. | 2d Civil No. B311440 (Super. Ct. No. 17FLP-0065) (San Luis Obispo County) |
| JAMES SMITH, Respondent, v. JENNIFER SLOSAR, Appellant. | |

Proceeding in propria persona, Jennifer Slosar (mother) appeals from an order modifying child and spousal support.  She claims that the trial court abused its discretion in imputing to her annual income of $90,000.  Respondent James Smith (father)

did not file a brief.[1]  Appellant has forfeited her claim because she did not raise the issue in the trial court.  Accordingly, we affirm.

*Factual and Procedural Background*

In January 2018 a judgment was entered dissolving the parties' 13-year marriage.  In September 2018 a judgment on reserved issues was entered.  The parties were granted joint custody of their two minor children.  For the purpose of calculating child support, the parties stipulated that father has an annual earning capacity of $60,000.  According to a DissoMaster report, Mother's monthly earnings were $14,414.  She was ordered to pay spousal support of $500 per month.  Her monthly child support obligation was $868.

Mother's employment was terminated in September 2019.  Since the termination, she has been unemployed.  In October 2019 mother filed a request for an order modifying child and spousal support.

At the close of an evidentiary hearing on mother's request, the trial court said, "[I]t has heard . . . sufficient testimony to impute income to [father], but the court also feels [it has] sufficient information and evidence to impute income to [mother], as well."  The court imputed to mother annual income of $90,000.  It imputed to father annual earnings of $50,000 plus other taxable income of $2,950 per month.  The court found that mother's guideline child support obligation is $21 per month.  But because of the Covid pandemic, the court did not require mother

---

[1] "[W]e do *not* treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but examine the record, appellant's brief, and any oral argument by appellant to see if it supports any claims of error made by the appellant." (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1.)

to make any "payment of child support at this time." The court ordered that "neither party shall pay spousal support to the other party."

*Mother Forfeited Claim that Trial*
*Court Had Abused Its Discretion*

Mother claims that the trial court abused its discretion in imputing to her annual income of $90,000. The claim is forfeited because she failed to object to the court's ruling when it was made. Immediately after the trial court had ruled, mother's counsel said, "Your honor, I have a couple of questions." The court replied, "Absolutely." Mother's counsel proceeded to question the court about the imputation of income to father. Counsel did not question the court about or object to the imputation of income to mother. Counsel agreed to prepare, and did prepare, an order incorporating the trial court's ruling.

"'An appellate court will ordinarily not consider procedural defects or erroneous rulings . . . where an objection could have been, but was not, presented to the lower court by some appropriate method. [Citations.]' [Citation.] Failure to object to the ruling or proceeding is the most obvious type of implied waiver. [Citation.] Accordingly, [mother] is foreclosed from challenging the [imputation to her of annual income of $90,000]." (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1002.) "California child support law now resembles determinate sentencing in the criminal law: The actual calculation required of the trial judge has been made . . . so complicated . . . that, to conserve judicial resources, any errors must be brought to the trial court's attention at the trial level while the error can still be expeditiously corrected." (*In re Marriage of Whealon* (1997) 53 Cal.App.4th 132, 144.)

3

*Disposition*

The order modifying child and spousal support is affirmed.
The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

4

Kathleen O. Diesman, Judge

Superior Court County of San Luis Obispo

_____

Jennifer Slosar, in propria persona, for Appellant.

No appearance for Respondent.